IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ROGER WILLIAMS UNIVERSITY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)**<br><br>**Union.** | **C.A. No.: 07-440 (M.L.)** |

**ANSWER OF UNION, ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)**

**Introduction**

1. Union admits that Plaintiff has filed an action to vacate the November 2, 2007 arbitration award issued by Arbitrator Lawrence T. Holden, Jr. Union lacks sufficient knowledge and/or information to form a belief as to the truth of whether the Plaintiff received said award on November 5, 2007, and therefore, denies the same.

**The Parties**

2. Union lacks sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiff's Complaint and therefore, denies the same.

3. Union admits that it is the exclusive bargaining agent for the teaching faculty, among others, and that it maintains a principal place of business at One Old Ferry Road, Bristol, Rhode Island. The remainder of paragraph 3 of Plaintiff's Complaint asserts a legal conclusion

rather than fact, and thereby, does not require a response by Union. In the event that a response is required, the Union denies each and every allegation which is inconsistent with state and/or federal law.

**Jurisdiction**

4. Paragraph 4 of Plaintiff's Complaint asserts a legal conclusion rather than fact, and thereby, does not require a response by the Union. In the event that a response is required, the Union denies each and every allegation which is inconsistent with state and/or federal law.

5. Paragraph 5 of Plaintiff's Complaint asserts a legal conclusion rather than fact, and thereby, does not require a response by the Union. In the event that a response is required, the Union denies each and every allegation which is inconsistent with state and/or federal law.

**The Agreement**

6. Union asserts that the Collective Bargaining Agreement ("CBA") speaks for itself and denies each and every allegation contained in paragraph 6 of Plaintiff's Complaint which is inconsistent therewith. Union admits that a copy of one of the relevant CBA's was attached to Plaintiff's Complaint.

7. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 7 of Plaintiff's Complaint which is inconsistent therewith.

8. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 8 of Plaintiff's Complaint which is inconsistent therewith.

9. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 9 of Plaintiff's Complaint which is inconsistent therewith.

10. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint which is inconsistent therewith.

11. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint which is inconsistent therewith.

12. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 12 of Plaintiff's Complaint which is inconsistent therewith.

13. Union asserts that the CBA speaks for itself and denies each and every allegation contained in paragraph 13 of Plaintiff's Complaint which is inconsistent therewith.

**The Subject of the Grievance**

14. Union admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Union admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Union admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Union admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Union admits that the grievance was pursued to the next level (Step II), after which University President Roy J. Nirschel denied the grievance on June 6, 2006. Union states that Nirschel's June 6, 2006 grievance denial speaks for itself and denies each and every allegation contained in paragraph 18 of Plaintiff's Complaint which is inconsistent therewith.

**The Underlying Arbitration and Award**

19. Union admits the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Union admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Paragraph 21 of Plaintiff's Complaint states a legal conclusion rather than fact, and thereby, does not require a response by the Union. In the event that a response is required, the Union denies each and every allegation which is inconsistent with state and/or federal law.

22. Union admits that Arbitrator Holden issued his award on or about November 2, 2007 (the "Arbitration Award"). Union lacks sufficient knowledge and/or information to form a belief as to whether the University received the award on November 5, 2007, and therefore, denies the same.

23. Union asserts that the Arbitration Award speaks for itself and denies each and every allegation contained in paragraph 23 of Plaintiff's Complaint which is inconsistent therewith.

24. Union asserts that the Arbitration Award speaks for itself and denies each and every allegation contained in paragraph 24 of Plaintiff's Complaint which is inconsistent therewith.

25. Union asserts that the Arbitration Award speaks for itself and denies each and every allegation contained in paragraph 25 of Plaintiff's Complaint which is inconsistent therewith.

26. Union asserts that the Arbitration Award speaks for itself and denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint which is inconsistent therewith.

27. Union asserts that the Arbitration Award speaks for itself and denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint which is inconsistent therewith.

## COUNT I

28. Union re-alleges and incorporates by reference its answers to paragraphs 1-27 of Plaintiff's Complaint as if herein set forth in full.

29. Union denies the allegations contained in paragraph 29 of Count I of Plaintiff's Complaint.

30. Union denies the allegations contained in paragraph 30 of Count I of Plaintiff's Complaint.

**COUNT II**

31. Union re-alleges and incorporates by reference its answers to paragraphs 1-30 of Plaintiff's Complaint as if herein set forth in full.

32. Union denies the allegations contained in paragraph 32 of Count II of Plaintiff's Complaint.

**COUNT III**

33. Union re-alleges and incorporates by reference its answers to paragraphs 1-32 of Plaintiff's Complaint as if herein set forth in full.

34. Union denies the allegations contained in paragraph 34 of Count III of Plaintiff's Complaint.

**COUNT IV**

35. Union re-alleges and incorporates by reference its answers to paragraphs 1-34 of Plaintiff's Complaint as if herein set forth in full.

36. Union denies the allegations contained in paragraph 36 of Count IV of Plaintiff's Complaint.

**COUNT V**

37. Union re-alleges and incorporates by reference its answers to paragraphs 1-36 of Plaintiff's Complaint as if herein set forth in full.

38. Union denies the allegations contained in paragraph 38 of Count V of Plaintiff's Complaint.

**COUNT VI**

39. Union re-alleges and incorporates by reference its answers to paragraphs 1-38 of Plaintiff's Complaint as if herein set forth in full.

40. Union denies the allegations contained in paragraph 40 of Count VI of Plaintiff's Complaint.

**Prayer for Relief**

WHEREFORE, the Defendant/Counter-Claim Plaintiff respectfully prays that this Court enters an Order:

(1) Dismissing Plaintiff's Complaint to Vacate Arbitration Award with prejudice;

(2) Granting Defendant/Counter-Claim Plaintiff's Motion to Confirm the Arbitration Award;

(3) Requiring that the University shall immediately implement the Arbitration Award; and

(4) Granting such other and further relief as this Court deems just and proper, including attorney's fees and legal costs.

**COUNTER-CLAIM/PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**

Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Roger Williams University Faculty Association (NEARI/NEA) (the "Union"), through its attorney, respectfully requests this Court to confirm the arbitration award entered by Arbitrator Lawrence T. Holden, Jr. ("Arbitrator Holden") on November 2, 2007 (the "Arbitration Award"). A copy of the Award was attached to the Plaintiff's original Complaint in this matter.

1. On or about May 24, 2000, David Moskowitz ("Moskowitz") was appointed to the Roger Williams University ('RWU") Feinstein College of Arts & Sciences as an Assistant Professor of Political Science.

2. Moskowitz's employment at RWU actually commenced with the beginning of the 2000-2001 academic year.

3. At all pertinent times hereto, the Union and RWU were parties to a Collective Bargaining Agreement ("CBA").

4. On or about April 14, 2006, the Interim Provost, Jeffrey B. Martin ("Martin"), denied tenure to Moskowitz and notified him that he would not be re-appointed. (See Paragraph 15 of Plaintiff's original Complaint). However, pursuant to the relevant CBA, Moskowitz exercised his right to a terminal year of employment and worked through the 2006-2007 academic year (ending on June 30, 2007).

5. Prior to the 1995-1998 CBA, the President of RWU was not involved in tenure and/or promotion decisions.

6. During the negotiations for the 1995-1998 CBA, the Union proposed and the parties agreed that only the President and/or the Board of Trustees would have the authority to make all future tenure and/or promotion final decisions. This language and requirement was added to the CBA commencing with the 1995-1998 CBA.

7. The relevant contractual language relating to the denial of Moskowitz's tenure is Article VIII, Section B.3.i of the 2004-2008 CBA, which expressly states that "only" the Chief Executive Officer (President) and, when applicable, the Board of Trustees, have the authority to make all final decisions with respect to promotion and tenure. A copy of the 2004-2008 CBA was attached to the Plaintiff's original Complaint.

8. Article VIII, Section B.3.i of the 2004-2008 CBA further provides that decisions made by the President and/or Board of Trustees regarding tenure must be communicated to the faculty member, in writing, by June 30.

9. Article VIII, Section B.3.k, of the 2004-2008 CBA similarly provides that ". . . the Chief Executive Officer and, when applicable, the Board of Trustees, have the authority to make all final decisions with respect to promotion and tenure."

10. Article VIII, Sections B.3.i and B.3.k further provide that final promotion and tenure decisions by the President and the Board of Trustees are made considering among other things, the recommendations of Deans and the Chief Academic Office (Provost).

11. Martin's April 14, 2006 notification to Moskowitz specifically denied tenure to Moskowitz and formally notified Moskowitz that his employment was being terminated. (See Paragraph 15 of Plaintiff's original Complaint). Said notification did not state that Martin would be "recommending" to the President and/or Board of Trustees that Moskowitz be denied tenure and not be re-appointed.

12. Recognizing that Martin had exceeded his authority in actually denying tenure to Moskowitz and terminating his employment, on April 17, 2006, the Union filed a Step I grievance.

13. In filing a Step I grievance, the Union never discussed with RWU or agreed to waive the President and/or Board of Trustees' contractual and necessary role of making a final decision regarding Moskowitz's tenure.

14. On or about May 9, 2006, Martin denied the Step I grievance.

15. The Union next filed a Step II grievance, which was denied by the RWU's President, Roy J. Nirschel ("Nirschel") on June 6, 2006.

16. Nirschel's denial of the Union's Step II grievance under Article X of the 2004-2008 CBA did not substitute for and/or fulfill his or RWU's required contractual obligations under Article VIII, Sections B.3.i and B.3.k of the CBA.

17. Pursuant to the CBA, on or about June 9, 2006, the Union next filed the grievance with the American Arbitration Association ("AAA") and the matter was assigned to Arbitrator Holden.

18. Arbitration hearings were held on February 22, 2007, May 8, 2007, June 11, 2007 and June 18, 2007.

19. Arbitrator Holden resolved the grievance in favor of the Union and issued the Arbitration Award on November 2, 2007.

20. Although the Arbitration Award speaks for itself, Arbitrator Holden essentially determined that RWU had acted arbitrarily in denying tenure to Moskowitz in April of 2006 because the President or the Board of Trustees did not make the final decision regarding Moskowitz's tenure/promotion in accordance with the criteria in the CBA.

21. In finding that RWU acted arbitrarily in denying tenure to Moskowitz, Arbitrator Holden determined that Moskowitz should be reinstated to his probationary status and undergo another tenure review in accordance with the contractual criteria and contractual process. Arbitrator Holden further determined that Moskowitz should be made whole, subject to the customary deductions.

22. Arbitrator Holden's factual findings in the Arbitration Award were consistent with the testimony and documentary evidence, which support his determination that RWU acted arbitrarily in denying tenure to Moskowitz.

23. The Arbitration Award should be confirmed because Arbitrator Holden acted within his authority by issuing an award that draws its essence from the CBA and is based upon a passably plausible interpretation of the CBA.

24. The Arbitration Award should be confirmed because it is not inconsistent with any applicable laws, and the Plaintiff cannot prove that Arbitrator Holden manifestly disregarded the law, that the award was completely irrational and/or that it should otherwise not be enforced.

25. Plaintiff's appeal of and refusal to implement the Arbitration Award is frivolous, without merit, solely intended for undue delay and in bad faith.

WHEREFORE, the Defendant/Counter-Claim Plaintiff respectfully prays that this Court enters an Order:

(1) Dismissing Plaintiff's Complaint to Vacate Arbitration Award with prejudice;

(2) Granting Defendant/Counter-Claim Plaintiff's Motion to Confirm the Arbitration Award;

(3) Requiring that the University shall immediately implement the Arbitration Award; and

(5) Granting such other and further relief as this Court deems just and proper, including attorney's fees and legal costs.

ROGER WILLIAMS UNIVERSITY
FACULTY ASSOCIATION (NEARI/NEA)

By its Attorney,

John E. DeCubellis, Jr.

John E. DeCubellis, Jr., Esq. (RI Bar No. 3327)
General Counsel
NEARI
99 Bald Hill Road
Cranston, Rhode Island 02920
(401) 463-9630

Dated: December 18, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer/Counterclaim was mailed via regular mail to Joseph P. McConnell, Esq., MORGAN, BROWN & JOY, 200 State Street, Boston, MA 02109 on this 18th day of December, 2007.

[signature]