**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROGER WILLIAMS UNIVERSITY,<br><br>Plaintiff /Defendant in Counterclaim,<br><br>v.<br><br>ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)<br><br>Defendant /Plaintiff in Counterclaim. | Civil Action No. 07-440-ML-DLM |

**ANSWER OF ROGER WILLIAMS UNIVERSITY TO DEFENDANT'S COUNTERCLAIM TO CONFIRM ARBITRATION AWARD**

Plaintiff / Defendant in Counterclaim Roger Williams University ("RWU"), by and through its undersigned counsel, files this Answer to Defendant / Plaintiff in Counterclaim Roger Williams University Faculty Association's (NEARI/NEA) (the "Union") Counterclaim to Confirm Arbitration Award (the "Counterclaim")[1] and responds to the individually numbered paragraphs as follows:[2]

1. RWU admits the allegations contained in paragraph 1 of the Counterclaim.

2. RWU admits the allegations contained in paragraph 2 of the Counterclaim.

3. RWU denies the allegations contained in paragraph 3 of the Counterclaim except to admit that RWU and the Union are parties to the Collective Bargaining Agreement ("CBA") attached to the Complaint.

4. RWU denies the allegations contained in the first sentence in paragraph 4 of the Counterclaim, except to admit that on or about April 14, 2006, RWU notified Dr. Moskowitz

[1] The Union titled its filing as its "Counter-Claim/Plaintiff's Motion to Confirm Arbitration Award."
[2] The first unnumbered paragraph is an introduction to which no responsive pleading is required.

that he would not be reappointed. RWU admits the allegations contained in the second sentence of paragraph 4 of the Counterclaim.

5. RWU denies the allegations contained in paragraph 5 of the Counterclaim.

6. RWU is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaim, and therefore denies the same. Further answering, the 1995-1998 CBA speaks for itself.

7. RWU states that the CBA speaks for itself. RWU admits that a copy of the 2004-2008 CBA was attached to Plaintiff's Complaint. To the extent a further answer is required, RWU denies the remaining allegations contained in paragraph 7 of the Counterclaim.

8. RWU states that the CBA speaks for itself and denies the allegations contained in paragraph 8 of the Counterclaim, to the extent any allegation is inconsistent with the CBA.

9. RWU states that the CBA speaks for itself and denies the allegations contained in paragraph 9 of the Counterclaim, to the extent any allegation is inconsistent with the CBA.

10. RWU states that the CBA speaks for itself and denies the allegations contained in paragraph 10 of the Counterclaim, to the extent any allegation is inconsistent with the CBA.

11. RWU states that the April 14, 2006, letter from Mr. Martin to Dr. Moskowitz speaks for itself and denies the allegations contained in paragraph 11 of the Counterclaim, to the extent any allegation is inconsistent to such correspondence.

12. RWU admits that on or about April 17, 2006, the Union filed a Step 1 grievance, but otherwise denies the allegations contained in paragraph12 of the Counterclaim.

13. RWU denies the allegations contained in paragraph 13 of the Counterclaim.

14. RWU admits the allegations contained in paragraph 14 of the Counterclaim.

15. RWU denies the allegations contained in paragraph 15 of the Counterclaim, except to admit that by way of letter dated June 6, 2006 from Roy J. Nirschel, RWU denied the grievance. President Nirschel's letter speaks for itself.

16. RWU denies the allegations contained in paragraph 16 of the Counterclaim.

17. RWU admits the allegations contained in paragraph 17 of the Counterclaim.

18. RWU admits the allegations contained in paragraph 18 of the Counterclaim.

19. RWU states that the Arbitration Award speaks for itself and denies any allegation contained in paragraph 19 of the Counterclaim to the extent it is inconsistent with the Arbitration Award.

20. RWU states that the Arbitration Award speaks for itself and denies any allegation contained in paragraph 20 of the Counterclaim to the extent it is inconsistent with the Arbitration Award.

21. RWU states that the Arbitration Award speaks for itself and denies any allegation contained in paragraph 21 of the Counterclaim to the extent it is inconsistent with the Arbitration Award.

22. RWU denies the allegations contained in paragraph 22 of the Counterclaim.

23. RWU denies the allegations contained in paragraph 23 of the Counterclaim.

24. RWU denies the allegations contained in paragraph 24 of the Counterclaim.

25. RWU denies the allegations contained in paragraph 25 of the Counterclaim.

RWU further denies that the Union is entitled to any of the relief requested in its "WHEREFORE" clause in page 10 of the Counterclaim.

**Prayer for Relief**

WHEREFORE, RWU respectfully prays that this Court:

(1) enter an order vacating the arbitrator's award, dismissing the Union's grievance and finding that the University did not violate the terms of the CBA;

(2) enter an order enjoining defendant from taking any action to enforce the arbitrator's award; and

(3) award such other and additional relief as this Court deems just and proper.

Respectfully Submitted,

ROGER WILLIAMS UNIVERSITY

By its attorneys,

/s/ Joseph P. McConnell
Joseph P. McConnell (RI Bar No. 5086)
Jeffrey S. Siegel *(pro hac vice forthcoming)*
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Dated: January 4, 2008

Certificate of Service

I hereby certify that a true copy of the forgoing was mailed via regular mail to counsel for the Defendant / Plaintiff in Counterclaim John E. DeCubellis, Jr., Esq., General Counsel, NEARI, 99 Bald Hill Road, Cranston, RI 02920.

_/s/ Joseph McConnell_______________