**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROGER WILLIAMS UNIVERSITY,<br><br>Plaintiff /Defendant in Counterclaim,<br><br>v.<br><br>ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)<br><br>Defendant /Plaintiff in Counterclaim. | Civil Action No. 07-440-ML-DLM |

**ROGER WILLIAMS UNIVERSITY'S WRITTEN STATEMENT OF CASE**

Plaintiff / Defendant in Counterclaim Roger Williams University ("RWU" or the "University") files this written statement pursuant to the Court's January 8, 2008 Notice. Pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, RWU seeks to vacate a labor arbitration award entered against it.

**A. The Collective Bargaining Agreement and Tenure**

At all times relevant to this action, RWU and Roger Williams University Faculty Association (NEARI/NEA) (the "Union") were parties to a collective bargaining agreement (a copy of which is attached to the Complaint as Exhibit A). As set forth in detail in the collective bargaining agreement, faculty in the bargaining unit at RWU are classified by rank, from instructor to full professor, and are either probationary (*i.e*. pre-tenure, but on the tenure track), or tenured. The probationary period usually runs for six years, with a tenure review in the sixth year, during which time he or she is formally reviewed on a regular basis. Tenure at the University may be earned after six years of service in a probationary status and after successfully completing an intensive review process. Faculty members – both tenured and non-tenured –are

evaluated under four general performance areas: 1) teaching; 2) academic advising and program development; 3) scholarship, professional and creative activities; and 4) institutional and community service. Pursuant to Article VIII, Section B.3.i. of the collective bargaining agreement, the President and the Board of Trustees have the authority to make tenure decisions and tenure decisions "will be communicated to such faculty members, in writing, by June 30."

**B. The Subject of the Grievance**

On May 24, 2000, Dr. Moskowitz was appointed as an Assistant Professor of Political Science. Following the contractually mandated review process, on April 14, 2006, Interim Provost Jeffrey B. Martin notified Dr. Moskowitz that he was denied tenure and would not be reappointed. On April 17, 2006, the Union filed a grievance over Dr. Moskowitz's non-reappointment, which Provost Martin denied on May 9, 2006. When the Union continued to pursue the grievance to Step 2, University President Roy J. Nirschel issued a June 6, 2006 letter to Dr. Moskowitz outlining the reasons why tenure was denied and denying the grievance.

The Union pursued the matter to arbitration, where the parties engaged in four days of hearings. The issue presented to Arbitrator Lawrence T. Holden, Jr., was as follows: "Did the University act arbitrarily or capriciously in denying tenure to Professor David Moskowitz in April of 2006? If so, what shall be the contractually authorized remedy?"

**C. The Arbitration Award**

Arbitrator Holden issued his decision on November 5, 2007 (a copy of which is attached as Exhibit B to the Complaint). In his decision, Arbitrator Holden concluded that RWU "violated Art. VII, Sec. B.3.i." and that RWU acted "arbitrarily in denying tenure" to Dr. Moskowitz. Arbitrator Holden's decision does not address whether Dr. Moskowitz was qualified

to be a tenured professor under the appropriate standards; rather he relied exclusively on a perceived administrative defect in the University's decision-making process. Specifically, despite uncontroverted testimony that Provost Martin conferred with President Nirschel before Provost Martin delivered his April 14 denial letter, Arbitrator Holden wrote there was "no evidence" that the President or Board of Trustees made the final decision to deny tenure, nor was there any evidence that Provost Martin was authorized by the President or the Board of Trustees to write a letter on their behalf detailing their judgment.

In general, the following grounds exist for vacating the Award of Arbitrator Holden:

(a) The award does not draw its essence from the collective bargaining agreement and Arbitrator Holden exceeded his authority by failing to recognize that President Nirschel's grievance response dated June 6, 2006, reflected both RWU and his own decision regarding Dr. Moskowitz' request for tenure;

(b) The award does not draw its essence from the collective bargaining agreement and Arbitrator Holden exceeded his authority by improperly shifting the burden of proof in this matter from the Union to the University and ignoring uncontroverted evidence in the record demonstrating that the University President had concurred in and approved of the communication from the Provost to Dr. Moskowitz informing Dr. Moskowitz of the denial of his tenure;

(c) The award does not draw its essence from the collective bargaining agreement and Arbitrator Holden exceeded his authority by improperly relying upon a ministrial action by the President (the signing the initial tenure denial letter) that the Union failed to raise during the initial steps of the grievance process, as required by the collective bargaining agreement;

(d) The remedy imposed by the Award in reinstating Dr. Moskowitz to "probationary status for one more full academic year" after which Dr. Moskowitz will have "his case for tenure reviewed" exceeds the authority of the Arbitrator because the collective bargaining agreement limits the tenure decision to no later than the sixth year of teaching, which Dr. Moskowitz had already completed. As such, the remedy imposed is not drawn from the essence of the collective bargaining agreement

Respectfully Submitted,

ROGER WILLIAMS UNIVERSITY

By its attorneys,

/s/ Joseph P. McConnell
Joseph P. McConnell (RI Bar No. 5086)
Jeffrey S. Siegel *(admitted pro hac vice)*
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Dated: January 28, 2008

Certificate of Service

I hereby certify that a true copy of the forgoing was served pursuant to the Court's ECF filing systems to counsel for the Defendant / Plaintiff in Counterclaim John E. DeCubellis, Jr., Esq., General Counsel, NEARI, 99 Bald Hill Road, Cranston, RI 02920.

___/s/ Joseph P. McConnell___