IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER WILLIAMS UNIVERSITY,

Plaintiff / Defendant in Counterclaim,

v.

ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)

Defendant / Plaintiff in Counterclaim.

Civil Action No. 07-440-ML-DLM

**STATEMENT OF UNDISPUTED FACTS**
**PURSUANT TO LOCAL RULE Cv56(a)**

Pursuant to LR Cv 56(a), Plaintiff Roger Williams University (the "University") submits its Statement of Undisputed Facts, in support of its Motion for Summary Judgment.

**The Parties**

1. The University is a private institution of higher education with its main campus located at One Old Ferry Road, Bristol, RI. Originally a junior college when founded, the institution has expanded and grown into a four year university with numerous graduate programs. It has approximately 4000 undergraduate students and approximately 230 full-time faculty members. The largest school within the University is the Feinstein College of Arts & Sciences, with about 95 full-time and 125 part-time faculty. (Declaration of Joseph P. McConnell, Esq. ("McConnell Dec.") at ¶ 3).

2. Defendant Roger Williams University Faculty Association (NEARI/NEA) (the "Union"), is the exclusive bargaining agent for teaching faculty, among others, at RWU. (Complaint ¶ 3, Answer ¶ 3).

## The Collective Bargaining Agreement

3. At all times relevant to this action, the University and the Union have been parties to a Collective Bargaining Agreement, which, among other things, provides for arbitration of disputes between the parties. A copy of the 2004-2008 Collective Bargaining Agreement, which expires on June 30, 2008 and was applicable at all relevant times to this action (the "CBA"), is attached as Exhibit B to the McConnell Dec. (Complaint ¶ 6, Answer ¶ 6; McConnell Dec. at ¶ 6 and Exhibit B).[1]

## The Subject of the Grievance

4. On May 24, 2000, David Moskowitz was appointed to the University's Feinstein College of Arts & Sciences as an Assistant Professor of Political Science and was hired to begin teaching with the 2000-2001 academic year. (Award of Arbitrator Lawrence Holden, Jr. (the "Award") at p. 1, a copy of which is attached to the McConnell Dec. at ¶ 5 and Exhibit A).[2]

5. Professor Moskowitz was evaluated regularly during his first six years at RWU. (Award at 2-7).

6. At the conclusion of his sixth year at RWU, as set forth in the CBA, Professor Moskowitz was considered for tenure. (Award at 1).

7. In addition, at this time, Professor Moskowitz also applied for a promotion to the position of Associate Professor. (Award at 7).

8. In connection with his tenure application, in the Spring of 2006, the Faculty Review Committee ("FRC") reviewed Professor Moskowitz and recommended him for tenure, although not for promotion to the position of Associate Professor. (Award at 7; CBA at p. 35).

---

1 Citations to the CBA shall be designated in the text by either Article and Section cited, or by page referenced.

2 Due to the nature of this litigation, the University will cite to the majority of "facts" as found by Arbitrator Holden in the Award. Where applicable, the University will cite to portions of the transcript from the arbitration hearing, and exhibits introduced at the arbitration hearing, copies of which are attached to the Declaration of Joseph P. McConnell, Esq.

9. Professor Moskowitz did not grieve the ultimate decision to deny him promotion to Associate Professor. (Award at *passim*).

10. The FRC noted that "[s]cholarship is one of Dr. Moskowitz's weakest contributions or activities over the previous probationary period…." (Award at 7).

11. The next step in the review under the CBA was the Dean's Evaluation Report and Recommendation. (CBA at p. 36).

12. In her written recommendation dated March 1, 2006, Ruth Koelle, Dean of the Feinstein College of Arts and Sciences, after reviewing the recommendation of the FRC, concluded that she could recommend neither tenure nor promotion for Professor Moskowitz. (Award at 7; Arbitration Joint Exhibit 21 ("Joint Ex. __"), attached to the McConnell Dec. at Exhibit C).

13. The Dean's recommendation against promotion and tenure was sent to Professor Moskowitz and to Interim Provost Jeffrey Martin. Professor Moskowitz prepared and submitted responses to both the FRC's recommendations and Dean Koelle's recommendation. (Award at 8).

14. On April 14, 2006, after consulting with University President Dr. Roy Nirschel, Provost Martin wrote to Dr. Moskowitz advising him that he would not receive tenure. (Award at 8; Joint Ex. 33, attached as Exhibit D to the McConnell Dec.). Provost Martin testified that he "consulted with the dean and with the president" before transmitting his April 14, 2006 letter. (May 8, 2008 Arbitration Transcript at p. 180-181, attached as Exhibit I to the McConnell Dec.).

15. On April 17, 2006, the Union filed a grievance over Professor Moskowitz's non-reappointment. (Joint Ex. 35, attached as Exhibit E to the McConnell Dec.).

16. By way of an email dated May 9, 2006, Provost Martin denied the Step 1 Grievance. (Joint Ex. 36, attached as Exhibit F to the McConnell Dec.)

17. On May 15, 2006, Mel Topf, President of the Union, sent a memo to President Nirschel outlining the arguments of the Union in anticipation of the Step 2 Grievance Hearing. (Joint Ex. 37, attached as Exhibit G to the McConnell Dec.)

18. By way of letter dated June 6, 2006, President Nirschel denied the grievance and concluded that the decision to deny tenure was appropriate. (Joint Ex. 38, attached as Exhibit H to the McConnell Dec.).[3]

19. Professor Moskowitz elected and subsequently worked his “terminal year” during the 2006-2007 academic year. (Award at 14).

**<u>The Underlying Arbitration and Award</u>**

20. On June 9, 2006, the Union filed for arbitration with the American Arbitration Association (“AAA”). Following AAA rules, the parties selected Lawrence T. Holden, Jr., Esq. as the impartial arbitrator in the case.

21. Hearings were held on February 22, 2007, May 8, 2007, June 11, 2007, and June 18, 2007. Both the Union and the University were represented by counsel. In total, there are over 800 pages of transcript testimony from the arbitration, and more than 70 exhibits. (McConnell Dec. ¶ 4).

22. The issue presented to Arbitrator Holden was as follows: “Did the University act arbitrarily or capriciously in denying tenure to Professor David Moskowitz in April of 2006? If so, what shall be the contractually authorized remedy?” (Award at 1).

---

[3] President Nirshcel’s June 6, 2006, letter is misnomered a “Step 3 Grievance Answer.” Rather, it was the response to Step 2 of the grievance process, as the Step 3 grievance process is arbitration. (CBA at Article X).

23. At the arbitration hearing, Provost Martin testified as follows:

> Q: Prior to writing this letter in April of ’06, did you consult with anyone in addition to reviewing the documents you referred to?
>
> A: Conversations with the dean and with the president.

(McConnell Dec. ¶ 13 and Exhibit I).

24. Arbitrator Holden issued his Award on or about November 2, 2007. (Award at 1).

25. In his Award, Arbitrator Holden sustained the grievance and found that the University “violated Art. VIII, Sec. B.3.i.” (Award at 28). Arbitrator Holden concluded that the “University acted arbitrarily in denying tenure to Professor David Moskowitz in April of 2006.” (Award at 28).

26. At page 28 of the Award, Arbitrator Holden articulated the remedy as follows:

> For remedy the grievant shall be reinstated to probationary status for one more full academic year and shall have his case for tenure reviewed in accordance with the contractual criteria and the contractual process. The principle of a make whole remedy subject to the customary deductions shall apply in this case….

(Award at 28).

Respectfully Submitted,

ROGER WILLIAMS UNIVERSITY

By its attorneys,

/s/ Joseph P. McConnell

Joseph P. McConnell (RI Bar No. 5086)
Jeffrey S. Siegel (admitted *pro hac vice*)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Dated: April 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including counsel for Defendant / Plaintiff in Counterclaim John E. DeCubellis, Jr., Esq., General Counsel, NEARI, on April 11, 2008.

/s/ Joseph P. McConnell
Joseph P. McConnell