**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ROGER WILLIAMS UNIVERSITY,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**ROGER WILLIAMS UNIVERSITY FACULTY ASSOCIATION (NEARI/NEA)**<br><br>**Defendant/Counterclaim Plaintiff.** | **C.A. No.: 07-440-ML-DLM** |

**DECLARATION OF JOHN E. DeCUBELLIS, JR., ESQ. IN SUPPORT OF DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1. I hereby make this Declaration in support of DefendantCounterclaim Plaintiff's Motion for Summary Judgment and in opposition to Plaintiff/Counterclaim Defendant's Motion for Summary Judgment.

2. I am General Counsel to the National Education Association Rhode Island, and as such, represent the Defendant/Counterclaim Plaintiff, Roger Williams University Faculty Association (NEARI/NEA) (the "Union"), which is the exclusive bargaining agent for the RWU faculty, and in this capacity, am fully informed and familiar with the proceedings in this matter.

3. At all pertinent times hereto, the Union and the Plaintiff/Counterclaim Defendant, Roger Williams University (hereafter referred to as "RWU" or the "University") were parties to the 2004-2008 Collective Bargaining Agreement (the "CBA"). The CBA provides a very detailed process for a faculty member to obtain tenure. This process includes a pre-established number of

extensive reviews and, in most cases, culminates with a final tenure review and decision within the sixth year of a faculty member's employment. Prior to being awarded tenure, faculty members serve in a probationary status under the CBA.

4. Attached hereto as Exhibit A is a true and accurate copy of the CBA, which was introduced as Joint Exhibit 4 during the arbitration.

5. This matter involves a grievance that was filed by the Union on behalf of David Moskowitz ("Moskowitz") challenging RWU's termination of his employment. In accordance with the CBA, the grievance ultimately proceeded to arbitration through the American Arbitration Association ("AAA") and the matter was assigned to Arbitrator Lawrence T. Holden, Jr. ("Arbitrator Holden"). The matter was assigned to Arbitrator Holden and Arbitration hearings were previously held in this matter on February 22, 2007, May 8, 2007, June 11, 2007 and June 18, 2007.

6. Throughout the entire arbitration process, which spanned over more than one year, RWU never requested any further clarification as to its alleged violations of the CBA, and more specifically, the alleged violations of Articles VIII and IX.

7. On November 2, 2007, Arbitrator Lawrence T. Holden, Jr., issued an award in favor of the grievant, David Moskowitz ("Moskowitz") and the Union. A true and accurate copy of the Award was attached to RWU's Complaint and as Exhibit A to Attorney Joseph P. McConnell's Declaration in support of RWU's Motion for Summary Judgment.

8. Attached hereto as Exhibit B is a true and accurate copy of the Faculty Review Committee's report dated November 3, 2005, which was introduced as Joint Exhibit 19 during the arbitration.

9. Attached hereto as Exhibit C is a true and accurate copy of Dean Ruth Koelle's sixth year evaluation dated March 1, 2006, which was introduced as Joint Exhibit 21 during the arbitration.

10. Attached hereto as Exhibit D is a true and accurate copy of Interim Provost Jeffrey B. Martin's ("Martin") correspondence to Moskowitz dated April 14, 2006, which was introduced as Joint Exhibit 33 during the arbitration.

11. Attached hereto as Exhibit E is a true and accurate copy of the Union's Step 1 Grievance dated April 17, 2006, which was introduced as Joint Exhibit 35 during the arbitration.

12. Attached hereto as Exhibit F is a true and accurate copy of Martin's Step 1 denial of the Union's grievance dated May 9, 2006, which was introduced as Joint Exhibit 36 during the arbitration.

13. Attached hereto as Exhibit G is a true and accurate copy of the Union's Step 2 Grievance dated May 15, 2006 which was introduced as Joint Exhibit 37 during the arbitration.

14 Attached hereto as Exhibit H is a true and accurate copy of RWU's President, Roy J. Nirschel's ("Nirschel") Step 2 Grievance denial dated June 6, 2006, which was introduced as Joint Exhibit 38 during the arbitration.

15. Attached hereto as Exhibit I is a true andaccurate copy of the Union's Demand for Arbitration dated June 9, 2006, which was introduced as Joint Exhibit 39 during the arbitration.

16. Attached hereto as Exhibit J is a true and accurate copy of Nirschel's memorandum to James Tackach dated May 11, 2006, which was introduced as Joint Exhibit 41 during the arbitration.

17. Attached hereto as Exhibit K is a true and accurate copy of former Provost, Edward J. Kavanagh's, memorandum dated April 21, 2005 to James Tackach, the former Union President.

Pursuant to Paragraph 28 U.S.C. §1746, I hereby declare, certify, verify, and state under penalty of perjury, that the foregoing is correct.

Date: April 30, 2008

John E. DeCubellis, Jr., Esq.